UNITED STATES of America,
Appellee,

v.

Johnny Bernardo VILLALONA, also known as Leo Gonzalez, also known as Leo Gonzales, also known as Milton Sanchez, Defendant–Appellant.

No. 05–4056.

United States Court of Appeals,
Second Circuit.

May 19, 2006.

B. Alan Seidler, New York, NY, for Appellant.

Michael J. Garcia, United States Attorney for the Southern District of New York (Scott L. Marrah, Katherine Polk Failla, Assistants, United States Attorneys, of counsel), New York, NY, for Appellee.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. GERARD E. LYNCH,* Judge.

## SUMMARY ORDER

Johnny Bernardo Villalona appeals from a judgment of conviction, following a guilty plea, for the crime of illegal reentry into the United States. 18 U.S.C. § 1362(a) and § 1362(b)(2). On appeal, Villalona argues that (1) his sentence of 77 months was unreasonable, and (2) his indictment unconstitutionally alleged two crimes under a single count. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

We review sentences for "reasonableness." *United States v. Booker*, 543 U.S. 220, 260, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This review applies to both "substantive reasonableness," *viz.*, whether the length of the sentence is reasonable in light of the Sentencing Guidelines range and the seven factors listed in 18 U.S.C. § 3553(a), as well as "procedural reasonableness," which includes whether the district court complied with *Booker* by treating the Guidelines as advisory, by considering the Guidelines range based on the facts it found, and by considering the other factors listed in § 3553(a). *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005).

We conclude that the district court's judgment was both substantively and procedurally reasonable. This Court has "recognize[d] that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006), and we find nothing in this case to suggest that this case is one of the exceptions. The sentence was also procedurally reasonable, because the district court considered all of the grounds on which Villalona asked the court to downwardly depart under the Guidelines, and all of the factors listed in 18 U.S.C. § 3553.

Villalona's argument that the indictment was unconstitutional because it alleged two crimes under a single count is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 227, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), where it held that § 1362(a) and § 1362(b)(2) do not constitute two distinct crimes for the purposes of an indictment.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.